IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

    Plaintiff,

v.                                                           No. CV 12-0314 JH/KBM
                                                            CR 04-2356 JH

RON QUARIE WILLIAMS,

    Defendant.

MEMORANDUM OPINION AND ORDER

       This matter is before the Court on two letters (CV Docs. 1, 4; CR Doc. 26) that Defendant submitted. In the letters, Defendant asks the Court to appoint counsel to assist him in preparing a motion under 28 U.S.C. § 2255 to vacate, set aside, or correct sentence. Because Defendant contends that his sentence is illegal, the Clerk properly entered the letters on the docket as motions under 28 U.S.C. § 2255 and opened a civil case. The Court construes Defendant's letters as a motion for appointment of counsel.

       The Supreme Court of the United States has addressed the question of pre-petition appointment in a § 2254 proceeding attacking a capital sentence for a drug offense conviction. In *McFarland v. Scott*, 512 U.S. 849 (1994), the Court stated, "[21 U.S.C. ]§ 848(q)(4)(B) bestows upon <u>capital</u> defendants a mandatory right to counsel, including a right to pre-application legal assistance, that is unknown to other criminal defendants. . . . [N]oncapital defendants have no equivalent right to the appointment of counsel in federal habeas corpus proceedings [and] habeas corpus proceedings typically will be initiated by the filing of a habeas corpus petition." *Id.* at 857 n.3 (emphasis added). And, as the Court of Appeals for the Tenth Circuit subsequently noted, "*McFarland* merely ensured indigent capital defendants the right to counsel established by §

848(q)(4)." *Moore v. Gibson*, 195 F.3d 1152, 1161 (10th Cir. 1999). Because Defendant does not have "a right to preapplication legal assistance," *McFarland*, 512 U.S. at 857 n.3, the Court will deny his motions.

Furthermore, the Court will not construe Defendant's letters as a motion under § 2255. "[T]he denial by the district court of . . . a motion for the appointment of counsel . . . would constitute an appealable case. This does not imply, however, that the [Defendant's § 2255] case has been initiated by the filing of such a preliminary motion." *Williams v. Coyle*, 167 F.3d 1036, 1040 (6th Cir. 1999), *quoted in Moore v. Gibson*, 195 F.3d at 1163; *and see Fierro v. Cockrell*, 294 F.3d 674, 680-81 (5th Cir. 2002) ("[W]e rejected the contention that a motion to stay execution or a motion to appoint counsel initiates a habeas corpus proceeding."). The Court will deny Defendant's motion for appointment of counsel without prejudice to his filing a § 2255 motion.

IT IS THEREFORE ORDERED that Defendant's letters (CV Docs. 1, 4; CR Doc. 26), construed as motions for appointment of counsel, are DENIED; and this civil proceeding is DISMISSED.

_____
UNITED STATES DISTRICT JUDGE